## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

SKRATCH LABS LLC, a Colorado Limited Liability Company,

       Plaintiff,

v.

VF OUTDOOR, LLC., a Delaware Limited Liability Company, d/b/a SmartWool,

       Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Skratch Labs LLC ("Skratch Labs" or "Plaintiff"), by and through its undersigned counsel, hereby submits this Complaint and Jury Demand against VF Outdoor, LLC, d/b/a SmartWool ("Defendant" or "SmartWool"):

## NATURE OF THE ACTION

1.      This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and the common law.

2.      Defendant is offering for sale and selling athletic apparel and accessories that bear confusingly similar imitations of Plaintiff's multicolor mosaic trademark.  Defendant's athletic apparel is in no way affiliated with or authorized by Plaintiff.  Defendant's actions are likely to cause confusion and to deceive consumers and the public regarding the source of Defendant's products and to harm the distinctive quality of Skratch Labs' multicolor mosaic mark.

## PARTIES, JURISDICTION AND VENUE

3.      Skratch Labs is a Colorado limited liability company, with its principal place of business at 2885 Wilderness Place, Boulder, Colorado 80301.

4.      VF Outdoor, LLC is a Delaware Limited Liability Company with a principal place of business at 2701 Harbor Bay Parkway, Alameda, California 94502.  VF Outdoor, LLC does business and otherwise operates under the name "SmartWool."

5.      The Court has subject matter jurisdiction over Skratch Labs' Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).  The Court has supplemental jurisdiction over Skratch Labs' common law claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because that claim is joined with substantial and related claims under the Lanham Act, and is so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

6.      The exercise of *in personam* jurisdiction over Defendant comports with the laws of the State of Colorado and the constitutional requirements of due process because the Defendant and/or its agents transacts business and/or offers to transact business within the State of Colorado.  Specifically, Defendant advertises, offers for sale, sells and distributes athletic apparel and accessories throughout the United States, including within the State of Colorado.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## FACTUAL ALLEGATIONS

**A.      Skratch Labs And Its Multicolor Mosaic Mark.**

8.      Skratch Labs is a well-known and rapidly growing manufacturer and seller of athletic apparel and accessories and nutrition products.  The Boulder, Colorado company, which was formed in 2012, is one of the most innovative sports and nutrition companies in the country. Skratch Labs' products include exercise hydration mixes, endurance foods, and a variety of clothing and accessories such as t-shirts, sweatshirts, hats, socks, triathlon kits, cycling kits and athletic equipment.

9.      Since at least February 2012, Skratch Labs has continuously used a multicolor mosaic motif (the "Multicolor Mosaic Mark") to distinguish its nutrition, apparel, and accessory products from other nutrition, apparel, and accessory products and to indicate Skratch Labs as their sole point of origin.

10.      The Multicolor Mosaic Mark consists of a vivid, pixelated pattern of multiple rows and columns of brightly colored squares, as depicted below:



11.      Skratch Labs prominently features its Multicolor Mosaic Mark in its product advertising, whether online, in print, at the point-of-purchase, or at outdoor athletic events and industry tradeshows, as depicted below:















12.     Skratch Labs also uses the Multicolor Mosaic Mark in connection with a variety of Skratch Labs' products, including athletic apparel.  Select examples of this use are depicted below.




13.     Through Skratch Labs' substantial investment in and continuous and extensive sales, advertising, and promotion of its goods under the Multicolor Mosaic Mark, and through the exercise of control over the quality of goods sold under the Multicolor Mosaic Mark, the Multicolor Mosaic Mark has amassed substantial and valuable goodwill and consumer recognition.  Consumers closely associate the distinctive Multicolor Mosaic Mark with Skratch Labs and its goods.

14.     Skratch Labs has not authorized Defendant to use the Multicolor Mosaic Mark in any manner whatsoever.

**B.      Defendant's Infringing Activities.**

15.      Defendant SmartWool manufactures, offers for sale, and sells apparel and accessories throughout the United States, including within the State of Colorado.

16.      Defendant recently launched a marketing and branding campaign featuring a variety of confusingly similar imitations of Skratch Labs' Multicolor Mosaic Mark (the "Infringing Marks") in connection with its athletic apparel and accessory products.  For example, Defendant began promoting and selling its products socks using the advertising and/or packaging depicted below:



17.      Defendant's branding campaign also features a multicolor, pixilated character referred to as "Knit Wit" or the "Little Guy":



18.     In addition, Defendant created a wrap for its vehicles that copies Skratch Labs'

use of the Multicolor Mosaic Mark:

| Scratch Labs Vehicle Wrap | SmartWool Vehicle Wrap |
|---|---|
|  |  |

19.     The goods advertised and sold by Defendant under the Infringing Marks are

similar to and compete with goods advertised and sold by Skratch Labs under the Multicolor

Mosaic Mark, and these goods travel through overlapping channels of trade.

20.     Defendant's use of the Infringing Marks is likely to cause confusion, mistake, or

deception in the market as to the source or origin of Defendant's goods, and to falsely suggest

that Defendant and its goods are sponsored by, connected to, or associated with Skratch Labs.

Such use trades on the goodwill associated with Skratch Labs' Multicolor Mosaic Mark, which

has been built up by Skratch Labs at great expense.

7

21.     Upon information and belief, Defendant knowingly and intentionally commenced use of the Infringing Marks with knowledge of the Multicolor Mosaic Mark and Skratch Labs' products offered under the Multicolor Mosaic Mark.

22.     Skratch Labs has repeatedly notified Defendant of Skratch Labs' intellectual property rights in the Multicolor Mosaic Mark.  Despite receiving these multiple notifications, Defendant has persisted in its intentional, concerted course of conduct.

23.     For example, Skratch Labs has historically sponsored activities and events hosted by Defendant, in which Skratch Labs prominently displayed the Multicolor Mosaic Mark.  In addition, Smartwool employees and/or executives, including Smartwool's President, have regularly purchased Skratch Labs products bearing the Multicolor Mosaic Mark, and has even requested information regarding Skratch Labs' apparel suppliers for apparel bearing the Multicolor Mosaic Mark.

24.     By using the Infringing Marks in connection with athletic apparel and accessories, Defendant is willfully and intentionally trading upon the goodwill Skratch Labs has at its considerable expense and effort developed in the Multicolor Mosaic Mark.  Defendant thereby has caused and is causing Skratch Labs substantial and irreparable harm and injury.

### FIRST CLAIM FOR RELIEF
(False Designation of Origin under the Lanham Act – 15 U.S.C. § 1125(a))

25.     Skratch Labs repeats and realleges the statements made above, as though fully set forth herein.

26.     Skratch Labs commenced use of the Multicolor Mosaic Mark in interstate commerce prior to any use of the Infringing Marks by Defendant.

27.     Defendant is not authorized to use the Multicolor Mosaic Mark or any designation confusingly similar to or that in any way represents or implies that Defendant and/or its services are in any way associated with Skratch Labs and/or with Skratch Labs' products offered under the Multicolor Mosaic Mark.

28.     Defendant's use of the Infringing Marks constitutes false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).  Defendant's use of the Infringing Marks is likely to cause confusion, mistake, and/or deception in the marketplace as to the source or origin of its products, and to falsely suggest that Defendant's services are sponsored by, connected to, or otherwise associated with Skratch Labs.

29.     As a direct and proximate result of Defendant's actions described herein, Skratch Labs has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are preliminarily and permanently enjoined.  Skratch Labs has no adequate remedy at law.

30.     As a direct and proximate result of Defendant's actions described herein, Skratch Labs is entitled to a monetary recovery under 15 U.S.C. § 1117 in an amount to be proven at trial.

31.     Defendant's actions described herein have been knowing, willful, and deliberate. This is therefore an exceptional case within the meaning of 15 U.S.C. § 1117(a), and Skratch Labs should be awarded enhanced damages and its reasonable costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
(Common Law Unfair Competition)

32.     Skratch Labs repeats and realleges the statements made above, as though fully set forth herein.

9

33.     Defendant's use of the Infringing Marks as alleged herein constitutes common law unfair competition.  Defendant's use of the Infringing Marks is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's services, and to falsely suggest that Defendant and its services are sponsored by, connected to, or associated with Skratch Labs.

34.     Defendant's wrongful use of the Infringing Marks is knowing, deliberate, and willful.

35.     As a direct and proximate result of Defendant's actions described herein, Skratch Labs has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendant's actions. Skratch Labs has no adequate remedy at law.

36.     As a direct and proximate result of Defendant's actions described herein, Skratch Labs has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Skratch Labs prays that this Court:

A.     Preliminarily and permanently enjoin and restrain Defendant, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the Multicolor Mosaic Mark and any other mark or designation confusingly similar to the Multicolor Mosaic Mark and from unfairly competing with Skratch Labs in any manner whatsoever;

B.       Order Defendant to pay to Skratch Labs such damages as Skratch Labs has sustained by reason of Defendant's false designation of origin, unfair competition, and other wrongful conduct;

C.       Order Defendant to account for and to pay Skratch Labs all profits derived by Defendant by reason of the acts complained of herein;

D.       Treble all profits and damages owing to Skratch Labs due to Defendant's willful false designation of origin pursuant to 15 U.S.C. § 1117(a);

E.        Order Defendant to pay Skratch Labs its reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1117(a) and/or other applicable law; and

F.       Grant Skratch Labs such other and further relief as the Court may find to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Skratch Labs hereby demands a jury trial on all issues triable by jury.

Respectfully submitted this 14th day of February, 2017.


*s/ Jared B. Briant*
Jared B. Briant
Leslie B. Hayden
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone:  (303) 607-3500
Fax:  (303) 607-3600
Email: Jared.Briant@FaegreBD.com
Email: Leslie.Hayden@FaegreBD.com

Theodore E Laszlo, Jr.
Michael J. Laszlo
LaszloLaw
2595 Canyon Boulevard, Suite 210
Boulder, Colorado 80302
Telephone:  (303) 926-0410
Fax:  (303) 443-0758
Email:  tlaszlo@laszlolaw.com
Email:  mlaszlo@laszlolaw.com

*Attorneys for Skratch Labs LLC*

12